IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GILBERTO ROLÓN SUÁREZ, et al.;

Plaintiff

v.                                        CIVIL NO.: 08-2017 (FAB/MEL)

VENATOR GROUP, INC., et al.;

Defendant

**OPINION AND ORDER**

**I.     PROCEDURAL BACKGROUND**

On June 17, 2008, plaintiff Gilberto Rolón-Suárez ("Rolón") and his wife and daughter, co-plaintiffs Sugeily González Torres ("González") and Valeryann Rolón González ("Rolón González"), filed a complaint in the Court of First Instance, Caguas Part, against co-defendants Venator Group, Inc.; Venator Group Retail, Inc.; Foot Locker Retail, Inc.; and Foot Locker, Inc. (Docket No. 1-13, ¶2.) The complaint also names Carlos Sánchez ("Sánchez"), Rolón's immediate supervisor, as a co-defendant. (Docket No. 1-13, ¶¶ 3, 28.)  On September 9, 2008, all defendants in the initial action filed a notice of removal to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1441(b), asserting the court's original jurisdiction over the federal COBRA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. (Docket No. 1.)

The complaint alleges unjust dismissal in violation of Law Num. 80 of May 30, 1976, as amended, P.R. Laws Ann., tit. 29, § 185a ("Law 80") and employment discrimination based on disability in violation of Law Num. 44 of July 2, 1985, as amended, P.R. Laws Ann., tit. 1, §§ 501-511 ("Law 44") and Law Num. 100 of June 30, 1950, as amended, P.R. Laws Ann., tit. 29, § 146

("Law 100"). Plaintiffs also claim damages for the "worsening of [Rolón]'s health condition" and "suffering and mental anguish" under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141 ("Article 1802"). Plaintiffs further allege a violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. §§ 1161-1168, based on defendants' failure to notify plaintiffs of their health plan options following termination of Rolón's employment. (Docket No. 1-13 at 1.) On October 30, 2009, however, plaintiffs, by means of an informative motion, clarified that the only claims alleged against Sánchez are those pursuant to Law 44 and Article 1802. (Docket No. 33, ¶ 2.)

Pending before the court is a motion filed on September 24, 2009 by co-defendant Sánchez to dismiss all causes of action against him pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 28 at 2.) For the following reasons, said motion is GRANTED.

## II.    FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiffs allege that Rolón worked in Foot Locker stores as a regular employee beginning in 1994 and ending with his termination on June 25, 2007. (Docket No. 1-13, ¶¶ 6, 10, 26.) Rolón's work performance during that time was excellent. (Docket No. 1-13, ¶ 7.)

The last position Rolón held with defendants, as manager of the Ponce Foot Locker store, required plaintiff to drive approximately three hours per day to and from work. (Docket No. 1-13, ¶ 11.) Rolón suffered from diagnosed diabetic neuropathy, and the travel worsened his condition. (Docket No. 1-13, ¶¶ 12-14, 29.) He made several requests to be transferred to a store closer to his home, but those requests were denied. (Docket No. 1-13, ¶¶ 12-16.)

Plaintiffs allege that following Rolón's requests to transfer, he "became a victim of a hostile work environment." (Docket No. 1-13, ¶ 18.) A "pattern of discrimination" in the workplace

including "unreasonable and atypical audits" culminated in Rolón's wrongful dismissal. (Docket No. 1-13, ¶¶ 18-26.)

While Rolón was an employee of Foot Locker, he participated in "the group health plan that his employer offered him as part of the fringe benefits of his job." (Docket No. 1-13, ¶ 30.) His wife and daughter, co-plaintiffs, were also beneficiaries of the plan. (Docket No. 1-13, ¶ 30.) Defendants knew about Rolón's fragile health condition but failed to inform plaintiffs of their option to keep the health plan following Rolón's dismissal. (Docket No. 1-13, ¶¶ 31, 33.) This omission affected all of the plaintiffs. (Docket No. 1-13, ¶¶ 33-34.)

Co-defendant Sánchez was Foot Locker's district manager, who treated employees with "crass contempt," refusing Rolón's requests for transfers and suspending him. (Docket No. 1-13, ¶¶ 13, 16, 23-25.) Rolón's corporate employer knew about Rolón's condition and the discriminatory acts against him. (Docket No. 1-13, ¶ 28.)

According to Rolón, his health condition worsened significantly because defendants forced "him to work in an environment that was detrimental to his health, even after he informed them about the condition he was suffering." (Docket No. 1-13, ¶¶ 36-37.) Co-plaintiffs "suffered the worsening of ... [Rolón's] health due to his work conditions," (Docket No. 1-13, ¶ 36.), causing mental anguish for the whole family. (Docket No. 1-13 at 6.)

### III. LEGAL ANALYSIS

**A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the

complaint] can reasonably admit of a claim . . . ." Id.  An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).  Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief."  Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).  "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'  Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555-56) (citation omitted).  Although Twombly was decided in the antitrust context, the Supreme Court recently held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

**B. Plaintiffs' causes of action against co-defendant Sánchez**

**1. Law 44**

Law 44 bans employment discrimination against "persons with any kind of physical, mental or sensory disability." P.R. Laws Ann., tit. 1, § 504. However, in Vázquez Vázquez v. Checkpoint Sys. of Puerto Rico, Inc., 609 F. Supp. 2d 217, 220 (D.P.R. 2009), the court held that there is no individual liability under Law 44. The court reasoned that Law 44 was modeled after the federal Americans with Disabilities Act ("ADA") and considered the First Circuit's opinion in Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009), which held that individual supervisors could not be held liable under Title VII, a federal statute defining "employer" much like the ADA. By analogy, the same limitation should apply to individual liability claims under Law 44. Vázquez Vázquez, 609 F. Supp. 2d at 220; see also Vélez Nieves v. Microsoft Caribbean, Inc., No. Civ. 05-1067(PG), Civ. 05-1098(CCC) 2006 WL 1805869 (D.P.R. Mar. 15, 2006) (noting that liability does not attach under ADA claims). Because Sánchez is an individual supervisor, he cannot be liable under Law 44. Accordingly, all claims alleged against Sánchez pursuant to Law 44 are DISMISSED with prejudice.

**2. Article 1802**

"In Puerto Rico the provisions of the Civil Code are supplementary to special legislation." Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (citing Rosario v. Atlantic Southern Ins. Co., 95 P.R. Offic. Trans. 742, 747 (1968); Berrocales v. Tribunal Superior, 102 P.R. Dec. 224, 226 (1974); Rivera de Vincenti v. Colón, 103 P.R. Dec. 560 (1975)). Specifically, in the labor and employment context, a plaintiff "'is barred from using [conduct covered by a specific labor law] to also bring a claim under Article 1802.'" Medina v. Adecco, 561 F. Supp. 2d 162, 175-76 (D.P.R. 2008) (quoting Denis Rosario v. McConnell Valdés, No. 07-

1508(CCC), 2008 WL 509204, at *1-2 (D.P.R. Feb. 21, 2008)).

Inasmuch as plaintiffs' remaining claims are based on conduct governed by specific Puerto Rico labor laws, any claim pursuant to Article 1802 based on the same conduct would be barred under Puerto Rico law. See Medina, 561 F. Supp. 2d at 162; Denis Rosario, 2008 WL 509204, (dismissing Article 1802 claims against a plaintiff's individual supervisor and another individual employee of plaintiff's employer, where plaintiff had pled claims under specific Puerto Rico employment statutes). Plaintiffs' Article 1802 claims against Sánchez can only survive if the complaint properly alleges that Sánchez has engaged in tortious conduct independent from the alleged employment discrimination and unjust dismissal. See Barreto, 62 F. Supp. 2d at 395 (citing Rivera v. Sec. Nat'l Ins. Co., 106 P.R. Dec. 517, 527 (1977); Vargas v. Royal Bank of Can., 604 F. Supp. 1036, 1040 (D.P.R. 1985)); Medina, 561 F. Supp. 2d at 175-76 (citing Denis Rosario, 2008 WL 509204, at *1-2).

In the case presently before the court, plaintiffs base their Article 1802 claims against Sánchez on the same conduct that supports Rolón's remaining claims against Rolón's corporate employer for employment discrimination under Law 44 and unjust dismissal under Law 80. The complaint does not allege that Sánchez engaged in any tortious conduct independent from that conduct covered by specific labor laws.

Accordingly, plaintiffs' Article 1802 claims against Sánchez are DISMISSED with prejudice.

## IV.   CONCLUSION

For the reasons stated above, co-defendant Sánchez's motion to dismiss all claims against him is GRANTED. Plaintiffs' Law 44 and Article 1802 claims against Sánchez are dismissed with prejudice. To the extent that the complaint contains any allegations under Law 80, Law 100, and

COBRA against Sánchez, the same are dismissed with prejudice as well.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of November, 2009.

                                                      s/Marcos E. López
                                                     U.S. MAGISTRATE JUDGE